UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

RUFINO MUÑIZ RIVERA, et al,
 Plaintiffs,

v.                                                                                       Civil No. 98-2001 (HL)

UNITED STATES OF AMERICA,
 Defendant.

**OPINION AND ORDER**

Before the Court are two motions to dismiss. Plaintiffs are approximately 100 land owners residing in the La Margarita and Extensión La Margarita housing developments in Salinas, Puerto Rico. They bring this action against a number of government officials and entities from both the federal and local level. One of the motions to dismiss has been filed by the federal defendants and the other by the local defendants. The federal government defendants include the United States of America, the United States Department of Agriculture, the Federal Housing Administration, the Department of Housing and Urban Development, and various officials in these agencies. The local government defendants include the Commonwealth of Puerto Rico, the Secretary of the Department of Natural Resources, the Secretary of the Department of Transportation, the Secretary of the Department of Agriculture, the President of the Puerto Rico Planning Board, the mayor of Arroyo, and several other local officials. Plaintiffs bring this action pursuant to the Tucker



AO 72A
(Rev.8/82)



Civil No. 98-2001 (HL)                                          2

Act,[1] the Federal Tort Claims Act ("FTCA"),[2] and Article 1802 of the Puerto Rico Civil Code.[3]

Plaintiffs claim that beginning in July 1973, either they or their predecessors purchased homes in La Margarita and Extensión La Margarita with mortgages obtained through the federal Farmers Home Administration ("FmHA"), the U.S. Department of Agriculture, and the Federal Housing Administration ("FHA"). They allege that these homes were built in accordance with specifications approved by these federal agencies; that the sellers issued builder's warranties for the purpose of inducing these agencies to make loans for the purchase of the properties; that the deeds provided that the federal agencies have the right to inspect the properties; and that the plaintiffs were obligated to make repairs that the agencies requested and to obtain fire and earthquake insurance. Plaintiffs further allege that the two developments are located in the Nigua River "floodway zone;" that it has been the site of major floods in 1928, 1933, 1956, 1970, 1975, 1985, 1992, and 1996; that their properties have been subject to flooding and soil movement and have sustained substantial damage.

Plaintiffs bring three causes of action. The first one is brought pursuant to the Tucker Act for breach of contract against the federal defendants. In this cause of action

---

[1] 28 U.S.C.A. § 1346(a)(2) (West 1993) & § 1491 (West 1994 & Supp. 2000).

[2] 28 U.S.C.A. § 1346(b) (West 1993 & Supp. 2000) & §§ 2671 - 2680 (West 1994).

[3] P.R. Laws Ann. tit. 31, § 5141 (1991).

Civil No. 98-2001 (HL)                                       3

Plaintiffs claim that federal law and regulations create a duty on the FmHA and FHA to inspect properties and to insure that they are safe; that FmHA and FHA officials owed Plaintiffs a duty of care; that these officials failed to inspect the developments and to detect that they were located in an area subject to flooding; that these officials breached their contract with Plaintiffs by failing to require them to get flood insurance; and that the federal government failed to take measures to protect the area from flood damage, thereby breaching its duty of good faith.

In their second claim, brought under the FTCA, Plaintiffs allege that federal officials should have known that the developments should have been more carefully inspected; that this failure to inspect proximately caused Plaintiffs' damages; and that the federal government failed to take steps to stop rising flood waters from reaching the developments.

Their third claim, under Article 1802, is directed against the local government. In it Plaintiffs allege that some of the local defendants failed to maintain and clean bridges spanning the Nigua River; that other local government defendants failed to maintain and clean the Nigua River channel adjacent to the developments; that other local defendants approved housing projects and issued construction permits without adopting necessary flood control measures; and that all of this conduct was negligent and proximately caused Plaintiffs' flood damages. Plaintiffs seek over nine million dollars in damages.

The federal defendants move to dismiss the claims for failure to comply with Rule

Civil No. 98-2001 (HL)                              4

8(a), for lack of jurisdiction, and for lack of timeliness. The local defendants base their motion on Eleventh Amendment immunity. Plaintiffs have opposed. For the reasons set forth below, the Court grants the motions to dismiss.

## DISCUSSION

*1.   The federal defendants' motion to dismiss*

Plaintiffs' first cause of action is one for breach of contract, brought pursuant to the Tucker Act. A contract claim against the United States for less than $10,000 may be brought pursuant to the "Little Tucker Act" in district court, but for claims exceeding $10,000, the claim may only be brought in the United States Court of Federal Claims. 28 U.S.C. §§ 1346(a)(2) & 1491; *Charles v. Rice*, 28 F.3d 1312, 1321 (1st Cir. 1994). In this case, Plaintiffs' claim is for more than nine million dollars. Thus, this Court does not have jurisdiction to hear it and it is hereby dismissed without prejudice. This claim is properly brought in the Court of Federal Claims.[4]

Plaintiffs' second cause of action is brought pursuant to the FTCA. As an initial matter, the Court notes that the only proper defendant in a claim under the FTCA is the United States of America. *See Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998); *Soto v. Runyon*, 13 F.Supp.2d 215, 224 (D.P.R. 1998). Thus, any

---

[4] Plaintiffs also base their first cause of action on certain sections of the Housing Act of 1949. *See* 42 U.S.C. §§ 1476(a), 1480, & 1485(a) (West 1994 & Supp. 2000). None of these sections provide for a private cause of action against the Government.

Civil No. 98-2001 (HL)                          5

FTCA claims brought against the federal defendants, other than the United States of America, are hereby dismissed. The Government moves to dismiss the claim on the grounds that the complaint fails to comply with Rule 8(a). That rule requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of this rule is to give the defendant fair notice of the claim being asserted against it. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir. 1995). A court may dismiss a claim for failing to meet this requirement. *Id.*; *Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993). Dismissal should be used, however, only when "'the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Simmons*, 49 F.3d at 86 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988)).

In the present case, the Court finds that the Government's argument has some merit, although not enough to warrant dismissal. The Court does dismiss, however, on another grounds. A district court has no jurisdiction to hear a claim under the FTCA unless the plaintiff has complied with the requirement of filing an administrative claim for a sum certain. *Coska v. United States*, 114 F.3d 319, 323 n.8 (1st Cir. 1997); *Corte-Real v. United States*, 949 F.2d 484, 485-86 (1st Cir. 1991). In the present case, Plaintiffs have not plead that they have complied with this requirement. Thus, they have not established that the Court has jurisdiction to hear this claim. Accordingly, the Court dismisses their complaint.

Civil No. 98-2001 (HL)                                6

The Court does grant Plaintiffs until October 20, 2000, to file an amended complaint establishing the Court's jurisdiction to hear their FTCA claim. The Court notes that Plaintiffs <u>may</u> have a claim for the Government's negligence arising out of a failure to inspect their properties, *see Block v. Neal*, 460 U.S. 289, 298-99, 103 S.Ct. 1089, 1094-95, 75 L.Ed.2d 67 (1983) (Claim of negligence in supervision of construction). The Court reminds Plaintiffs that the Government's liability is determined based on the law of the state where the violation is alleged to have occurred. *Franco de Jerez v. Burgos*, 947 F.2d 527, 528 (1st Cir. 1991); *Rivera Otero v. United States*, 789 F.Supp. 483, 487 (D.P.R. 1990); *see also Block*, 460 U.S. at 294 n.3, 103 S.Ct. at 1092 n.3. There is no FTCA claim for government officials' failure to comply with a federal statutory duty, unless state law imposes a liability on a private individual under similar circumstances. *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997); *Attallah v. United States*, 955 F.2d 776, 785 n.15 (1st Cir. 1992). Thus, if Plaintiffs file an amended complaint, their claims against the Government must be based on conduct that would make a private individual liable in Puerto Rico pursuant to Article 1802 of the Civil Code. Plaintiffs should keep this in mind when drafting any amended complaint.[5]

---

[5] The federal government also argues in its motion that Plaintiffs' claims are untimely. Because the Court grants the motion on different grounds, it need not address that issue in today's opinion. If, however, Plaintiffs do file an amended complaint, the Court orders them to append to it a list indicating when each Plaintiff purchased his or her property and when each Plaintiff filed an administrative claim. This information will be used to rule on any timeliness issue that may subsequently be raised.

AO 72A
(Rev.8/82)

Civil No. 98-2001 (HL)                                7

    2.    *The local government defendants' motion to dismiss*

Plaintiffs' third cause of action is against local government entities and officials for alleged negligent acts under Article 1802. States or arms of the state are protected by the Eleventh Amendment from money damage suits in federal court. *Kimel v. Florida Bd. of Regents*, __ U.S. __, 120 S.Ct. 631, 640, 145 L.Ed.2d 522 (2000); *Neo Gen Screening, Inc. v. New England Newborn Screening Program*, 187 F.3d 24, 26 (1st Cir. 1999). For purposes of Eleventh Amendment immunity, Puerto Rico is treated as a state. *Jusino Mercado v. Commonwealth of Puerto Rico*, 214 F.3d 34, 40-44 (1st Cir. 2000); *Ortiz-Feliciano v. Toledo-Davila*, 175 F.3d 37, 39 (1st Cir. 1999). This protection also applies to claims brought pursuant to the court's pendent jurisdiction. *Torres v. Puerto Rico Tourism Co.*, 175 F.3d 1, 6 (1st Cir. 1999).

In the present case, the defendants who are entities or officials of the Puerto Rico government are entitled to Eleventh Amendment immunity. Moreover, the only basis for federal jurisdiction in this case is the FTCA. These local government entities cannot be defendants under that statute. Thus, there is no independent basis for federal jurisdiction over them, and the Court dismisses the claims against them on this ground as well.[6] The

---

[6] The Mayor of Arroyo is also a defendant here. Municipalities are not protected by Eleventh Amendment immunity. *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 690 n.54, 98 S.Ct. 2018, 2035 n.54, 56 L.Ed.2d 611 (1978); *Roig v. Puerto Rico Nat'l Guard*, 47 F.Supp.2d 216, 220 (D.P.R. 1999). However, the Court dismisses any local government entities not protected by the Eleventh Amendment because the Court has no independent basis for federal jurisdiction over them.

Civil No. 98-2001 (HL)                                    8

claims against them shall be dismissed without prejudice.

WHEREFORE, the Court **grants** the two motions to dismiss (docket nos. 9 & 24). Partial judgment shall be entered dismissing without prejudice all Tucker Act claims and all claims against local government entities and officials. Partial judgment shall also be entered dismissing with prejudice all Federal Tort Claims Act claims against all federal defendants, save the United States of America. Plaintiffs shall have until **October 20, 2000**, to file an amended complaint in conformance with the requirements discussed in this opinion. Failure to do so shall result in the dismissal of this claim against the United States of America and the entry of a final judgment ending this litigation.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 25, 2000.

HECTOR M LAFFITTE
Chief U.S. District Judge

AO 72A
(Rev.8/82)